IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

AARON A. RUTLEDGE, an ) CIVIL NO. 11-00096 LEK-KSC
individual, )
)
        Plaintiff, )
)
    vs. )
)
UNITY HOUSE INCORPORATED, a )
Hawaii Domestic Nonprofit )
corporation, )
)
        Defendant. )
_____ )

**ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Unity House

Incorporated's ("Defendant" or "Unity House") Motion for Judgment

on the Pleadings ("Motion"), filed on August 1, 2013.  [Dkt. no.

22.]  Plaintiff Aaron A. Rutledge ("Plaintiff") filed his

memorandum in opposition on September 2, 2013, and Defendant

filed its reply on September 9, 2013.  [Dkt. nos. 24, 26.]

The Court finds this matter suitable for disposition

without a hearing pursuant to Rule LR7.2(d) of the Local Rules of

Practice of the United States District Court for the District of

Hawai`i ("Local Rules").  After careful consideration of the

Motion, supporting and opposing memoranda, and the relevant legal

authority, Defendant's Motion is HEREBY GRANTED for the reasons

set forth below.

**BACKGROUND**

Plaintiff filed his Complaint against Defendant in this district court on February 9, 2011.  [Dkt. no. 1.]

The Complaint alleges that, on or about October 30, 2002, the United States Attorney's Office for the District of Hawai`i filed an indictment against Plaintiff and Defendant in this district court (the "underlying criminal case").[1] [Complaint at ¶ 6.]  On April 2, 2003, the United States of America (the "Government") filed a Superseding Indictment, as well as a Second Superseding Indictment on August 20, 2003.  On December 2, 2004, the Government filed a Third Superseding Indictment.  [Id. at ¶¶ 7-9.]

Plaintiff retained Brian Delima, Esq., as his attorney to represent him in his defense in the underlying criminal case. Plaintiff paid Delima his requested attorneys' fees, and Delima performed legal services on behalf of Plaintiff, and defended him against the charges in the Second and Third Superseding Indictments.  [Id. at ¶¶ 10-12.]  Thereafter, Plaintiff entered into a plea agreement with the Government ("Plea Agreement"), under which all charges pertaining to Plaintiff and Defendant were dismissed.

The Complaint asserts that Delima was successful in representing Plaintiff with respect to the charges in the Second

---

[1] The underlying criminal case refers to United States v. Rutledge, et al., CR 02-00438-DAE.

and Third Superseding Indictments, to the extent that the charges
pertained to Plaintiff and Defendant.  Plaintiff alleges that the
Plea Agreement specifically provided that he may pursue Defendant
for indemnity and reimbursement for money that Plaintiff paid
Delima.  The court approved the Plea Agreement, and the
underlying criminal case concluded on March 6, 2006. [<u>Id.</u> at
¶¶ 13-15.] "Plaintiff was adjudged guilty of the charge of
witness harassment in violation of 18 U.S.C. § 1512(d) and was
sentenced to probation for a period of one year. . . .  All
charges based on allegations of Plaintiff's improper conduct with
respect to Defendant were dismissed." [<u>Id.</u> at ¶¶ 15 -16.]

Plaintiff alleges that, at the time he was named in the
Third Superseding Indictment, Defendant's Amended and Restated
Articles of Incorporation ("Articles") provided that Defendant
"would pay for the costs of a member of the Board of Directors
and [its] Officers for their Defense[.]" [<u>Id.</u> at ¶ 17 (citing
<u>id.</u>, Exh. A).] Plaintiff asserts that, with respect to the
charges alleged in the Third Superseding Indictment, he has
satisfied all conditions precedent provided in the Articles, and
is therefore entitled to indemnity and reimbursement from
Defendant. [<u>Id.</u> at ¶¶ 18-20, 26.]

Plaintiff demanded that Defendant indemnify and
reimburse him for the $150,000 that Plaintiff paid Delima in
order to defend against the charges related to Defendant in the

3

underlying criminal case.  Plaintiff alleges that he provided

Defendant's Board of Directors with proof of payments that he

made to Delima.  Defendant, however, has refused to indemnify and

reimburse Plaintiff.  [Id. at ¶¶ 21-23.]

Plaintiff alleges two claims:  indemnity ("Count I")

and breach of contract ("Count II").  Plaintiff seeks the

following relief:  compensatory damages in the amount of

$150,000; special damages in the amount of $150,000; pre-judgment

and post-judgment interest; attorneys' fees and costs; and any

other appropriate relief.

## I.   Motion

Defendant's Motion is made pursuant to Rules 12(c) and

12(h)(3) of the Federal Rules of Civil Procedure.  Defendant

argues that, because the Motion only challenges subject matter

jurisdiction, the Court should treat the Motion as one requesting

dismissal under Rule 12(b)(1).  [Motion at 2.]  Defendant argues

that the Complaint is an "original proceeding" in this district

court.  Defendant notes that the Complaint does not assert that

diversity or federal question jurisdiction exists, but relies

entirely upon supplemental jurisdiction under 28 U.S.C. § 1367.

[Mem. in Supp. of Motion at 6.]

Defendant recognizes that § 1367 allows a federal

court, "'in any civil action,'" to exercise supplemental

jurisdiction over "'all other claims that are so related to

4

claims in the action within such original jurisdiction[.]'" [Id. (quoting 28 U.S.C. § 1367(a)).] Defendant argues that § 1367, however, does not provide subject matter jurisdiction because § 1367 does not apply where the case over which the court had original jurisdiction was a criminal case. Thus, Defendant argues, Plaintiff cannot assert the existence of supplemental jurisdiction based on the underlying criminal case. [Id. at 7 (some citations omitted) (citing Brummer v. Iasis Healthcare of Ariz., Inc., No. CV-07-1223-PHX-DGC, 2007 WL 2462174, at *1 (D. Ariz. Aug. 24, 2007)).]

Defendant also argues that § 1367 does not provide subject matter jurisdiction where the case in which the plaintiff is asserting supplemental jurisdiction is filed after the case in which the federal court had original jurisdiction. According to Defendant, "'[t]he phrases "in any civil action" and "in the action" require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case.'" [Id. at 7-8 (emphasis and some citations omitted) (quoting Ortolf v. Silver Bar Mines, Inc., 111 F.3d 85, 87 (9th Cir. 1997)).] Defendant argues that this district court has "recognized that § 1367 'does not authorize a court to exercise supplemental jurisdiction over state law claims in a different action.'" [Id. at 8 (quoting Beneficial Fin. I Inc. v. Grace, Civ. No. 11-00624 SOM-BMK, 2011 WL 6180132, at *2 (D. Hawai`i Dec. 13, 2011)).] In Beneficial,

the defendant of an ejectment action argued that the district court could exercise supplemental jurisdiction over the case because it had original jurisdiction over a related case.  The district court disagreed, concluding that, because the court lacked original jurisdiction over any of the claims in the case before it, the court could not exercise supplemental jurisdiction over the state law claims.  [Id. (citing Beneficial, 2011 WL 6180132, at *1).]  Defendant cites a number of cases from other jurisdictions in further support of this argument.  [Id. at 8-10 (some citations omitted) (citing Alford v. Lacoste, Civ. No. 10-579-AC, 2010 WL 5487532, at *5 (D. Or. Nov. 18, 2010); Rainey v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227, No. 11 C 107, 2011 WL 741039, at *1 (N.D. Ill. Feb. 24, 2011)).]

Defendant argues that this Court does not have original jurisdiction over any claims in the instant case.  Defendant contends that the underlying criminal case has been closed for more than seven years, and therefore cannot provide a basis for supplemental jurisdiction.  Defendant notes that, because this action was not removed from state court, remand is unavailable.  [Id. at 10 (citations omitted).]  Thus, Defendant urges the Court to dismiss the Complaint for lack of subject matter jurisdiction.

## II.  Memorandum in Opposition

First, Plaintiff asserts that this Court has subject matter jurisdiction over the instant case.  Plaintiff notes that

Defendant has correctly pointed out that the Complaint only expressly alleges that this Court has supplemental jurisdiction, pursuant to § 1367.  [Mem. in Opp. at 5 (citing Mem. in Supp. of Motion at 2).]  Plaintiff argues, however, that Count I arises under federal law, thereby giving this Court federal question jurisdiction over the instant case.  Plaintiff therefore requests leave to amend the Complaint to properly allege federal question jurisdiction.  [Id.]

Plaintiff refers to 28 U.S.C. § 1331, which pertains to federal question jurisdiction.  Plaintiff asserts that Defendant is a federally recognized nonprofit organization under 26 U.S.C. § 501(c).  Plaintiff asserts that Defendant's operations are in accordance with the United States Internal Revenue Code (the "Code").  Plaintiff argues that the Articles are also established in accordance with the Code, and specifically authorize indemnity.  [Id. (citing Complaint, Exh. A at 3).]  Plaintiff argues that, because the Articles are established under the Code, any claim for indemnity pursuant to the Articles constitutes a claim arising under federal law.  Thus, Plaintiff asserts that Count I arises under federal law, and that this Court has proper jurisdiction pursuant to § 1331.

Second, Plaintiff requests leave to amend the Complaint.  Plaintiff contends that leave to amend a complaint is

often granted at any stage in litigation.  Plaintiff argues that,
if the Court dismisses Count I, the Court should grant Plaintiff
leave to amend the Complaint.  [Id. at 6-7 (citations omitted).]

Finally, Plaintiff argues that, even if the Court finds
that it lacks subject matter jurisdiction, Plaintiff's claims are
tolled.  Plaintiff asserts that, if this Court dismisses the
Complaint, § 1367(d) allows Plaintiff to re-file his claims in
state court.  [Id. at 7 (quoting Jinks v. Richland Cnty., S.C.,
538 U.S. 456, 462-63 (2003)).]

In conclusion, Plaintiff urges the Court to deny
Defendant's Motion.

## III. **Reply**

At the outset, Defendant asserts that Plaintiff's
memorandum in opposition was untimely filed, and therefore the
Court should not consider its arguments when ruling on the
instant Motion.  Plaintiff filed his memorandum in opposition on
September 2, 2013.  Defendant notes that, pursuant to Rule LR7.4,
Plaintiff had to file his memorandum in opposition twenty-one
days before the date of the scheduled hearing.  The hearing for
the instant Motion was originally scheduled for September 23,
2013, making September 2, 2013 the deadline for Plaintiff to file
his memorandum in opposition.  Although Plaintiff did so,
Defendant argues that, because September 2, 2013 was a holiday,
the effective filing date of Plaintiff's memorandum in opposition

8

is actually September 3, 2013, making it untimely. [Reply at 2 n.1.]

According to Defendant, the Complaint invokes jurisdiction solely under § 1367. Defendant asserts that § 1367 does not confer subject matter jurisdiction over Count I or Count II, which are the only claims the Complaint alleges. Defendant notes that remand is not available because Plaintiff originally filed his action in this district court. [Id. at 3 (citations omitted).] Defendant asserts that Plaintiff does not contend otherwise, and that the facts compel dismissal of the Complaint for lack of jurisdiction. [Id.]

First, Defendant argues that Plaintiff's attempt to create federal question jurisdiction under § 1331 is meritless. [Id. at 6 (quoting 28 U.S.C. § 1331).] According to Defendant:

> A claim arises under federal law only if (1) "the plaintiff sues under a federal statute that creates a right of action in federal court," Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007), or (2) the plaintiff asserts a state law claim that raises a "disputed" and "substantial" federal issue that a federal court may entertain "without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368 (2005).

[Id. at 7.] Defendant contends that, because Counts I and II are state claims, Plaintiff has not sued under a federal statute that creates a right of action in federal court, and therefore federal question jurisdiction does not exist. [Id. (citing Great-West

Life & Annuity Ins. Co v. Knudson, 534 U.S. 204, 220 (2002);

Millers Nat'l Ins. Co. v. Axel's Express, Inc., 851 F.2d 267, 269

(9th Cir. 1988)).]  Defendant also contends that the Complaint

does not raise a disputed and substantial federal issue, and that

even the mere presence of a federal issue amongst state law

claims does not confer federal question jurisdiction.  [Id. at 8

& n.4 (some citations omitted) (citing Empire Healthchoice

Assurance, Inc. v McVeigh, 547 U.S. 677, 699, 126 S. Ct. 2121,

2136 (2006); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804,

813, 106 S. Ct. 3229, 3234 (1986)).]  According to Defendant,

§ 1367 is the only federal statute that the Complaint cites, and

Plaintiff has now abandoned it as a basis for subject matter

jurisdiction.  Defendant asserts that the Complaint does not

allege a dispute of any federal issue, let alone a substantial

one.  [Id.]

Defendant refers to Plaintiff's argument that this

Court has federal question jurisdiction over Count I based on the

fact that the Articles were established in accordance with the

Code.  [Id. at 3-4, 8-9 (citing Mem. in Opp. at 5).]  Defendant

asserts that Plaintiff's arguments are based on misunderstandings

of corporate law and federal jurisdiction.  Contrary to

Plaintiff's contention that the Articles were established under

federal law, Unity House was incorporated under the laws of the

State of Hawai`i.  [Id. at 4, 9 (citing Complaint at ¶ 1; id.,

Exh. A at 1; Haw. Rev. Stat. §§ 414D-181 to -187).]   Thus, state law governs the operations of Unity House, as well as the resolution of Counts I and II.  [Id. at 4-5, 9 (citing Haw. Rev. Stat. §§ 414D-159 to -167).]

Defendant argues that federal law merely exempts Unity House from paying certain federal taxes, and that a party's tax-exempt status does not transform state law claims into federal questions.  [Id. at 5, 9-10 (some citations omitted) (citing 26 U.S.C. § 501(c); Veneruso v. Mount Vernon Neighborhood Health Ctr., Case No. 09-CV-8703 (KMK), 2013 WL 1187445, at *7 (S.D.N.Y. Mar. 22, 2013)).]  In Veneruso, the defendant, a health care services provider, faced a claim for the return of improper payments from a nonprofit health plan.  The defendant argued that federal question jurisdiction existed because the nonprofit health plan had obtained its tax-exempt status under § 501(c) by making certain representations to the Internal Revenue Service, without which the nonprofit health plan could not have received the disputed funds.  The court rejected the defendant's argument because the complaint presented "'no disputed question of federal law that requires resolution in evaluating the core elements of Plaintiff's claim.'"  [Id. at 10 (quoting Veneruso, 2013 WL 1187445, at *7).]

Plaintiff also relies on City of Pittsburgh v. UPMC, Civil Action No. 13-565, 2013 WL 4010990 (W.D. Pa. Aug. 6, 2013),

where the defendant charity argued that the issue of whether it was required to pay the plaintiff payroll taxes presented a federal question because it depended on whether it was also required to pay certain federal taxes.  [Id. at 10-11 (citing UPMC, 2013 WL 4010990, at *2).]  The defendant noted that the local payroll tax ordinance specifically referred to the Code in calculating payroll tax, and several of the local tax forms required identification as an organization under § 501(c)(3) when applicable.  The UPMC court disagreed, holding that it lacked jurisdiction over the action because the court did not need to apply federal law in order to determine whether the defendant owed payroll taxes.  Thus, the case involved no disputed federal issue.  [Id. at 11 (citing UPMC, 2013 WL 4010990, at *7).]

    Defendant cites other cases in support of its argument.  [Id. at 11-12 (some citations omitted) (citing Doe v. Episcopal Sch. of Dallas, Inc., Civil Axrion No. 3:11-CV-1058-L, 2011 WL 2601506, at *6 (N.D. Tex. June 30, 2011); Meierer ex rel. Meierer v. St. John's Req'l Health Ctr., No. 04-3449-CV-S-GAF, 2005 WL 1076122, at *7 (W.D. Mo. May 5, 2005)).]  Defendant recognizes that federal question jurisdiction may exist where the parties dispute a substantial issue of federal tax law.  [Id. at 11 n.6 (citations omitted).]  Defendant contends, however, that such cases applied the test in Grable, and determined that the plaintiffs' state law claims raised disputed and substantial

12

federal issues, thus conferring federal question jurisdiction.
Defendant argues that there are no such issues in this case.
[Id.]

Second, as to Plaintiff's request for leave to amend
the Complaint, Defendant argues that a motion for leave to amend
is not proper when made in an opposition to a separate motion.
[Id. at 4, 13 (citing Mem. in Opp. at 6-7).]  Instead, a party
seeking to amend its pleading may file a motion pursuant to
Federal Rule of Civil Procedure 15, but such a motion should be
"'in writing unless made during a hearing or trial.'"  [Id. at 13
& n.7 (some citations omitted) (quoting Fed. R. Civ. P.
7(b)(1)(A)).]  Further, Defendant argues that "'[f]utility of an
amendment can, by itself, justify the denial of a motion for
leave to amend.'"  [Id. at 13 (quoting Bonin v. Calderon, 59 F.3d
815, 845 (9th Cir. 1995)).]  Because Plaintiff's new theory
regarding federal question jurisdiction is meritless, and
amendment would be futile, Defendant urges the Court to deny
Plaintiff's request for leave to amend the Complaint.  [Id. at 5,
12, 13.]

Third, with respect to Plaintiff's argument that Counts
I and II should be tolled under § 1367(d), Defendant contends
that this argument fails because if Plaintiff decides to re-file
this action in state court, then the state court will resolve the
issue of tolling.  [Id. at 14 (citing Mem. in Opp. at 7).]  This

Court lacks subject matter jurisdiction over the instant action, and therefore cannot resolve the issue of tolling.  [Id. at 6, 14 (citations omitted).]

Moreover, Defendant argues that Plaintiff's argument fails because § 1367(d) only applies where, after dismissing the federal claims, the federal court declines to exercise supplemental jurisdiction over the remaining state law claims. [Id. at 14 (quoting Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp., 878 F. Supp. 2d 1009, 1019 (C.D. Cal. 2011)).]  Defendant asserts that the rule in Centaur is consistent with the plain language of § 1367 and its relevant legislative history.  [Id. (citations omitted).]  Defendant reasons that, because Plaintiff concedes that this Court never had jurisdiction over his claims pursuant to § 1367, this Court will not decline to exercise supplemental jurisdiction, as described in § 1367(c).  Instead, Defendant contends that the Court will dismiss the case for lack of subject matter jurisdiction, making § 1367(d) inapplicable to Plaintiff's claims.  [Id. at 15-16.]

In conclusion, Defendant contends that the Court lacks subject matter jurisdiction, and that remand is unavailable because the instant case was not removed from state court. Defendant therefore urges the Court to dismiss the Complaint. [Id. at 16.]

14

## STANDARD

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings.  "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).  A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party.  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law."  Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Accordingly, pursuant to Ashcroft v. Iqbal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

15

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).   This tenet-that the court must accept as true all of the allegations contained in the complaint-"is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949.   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Fed. R. Civ. P. 8. Id. at 1950.

Further, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).   "But courts have discretion to deny leave to amend a complaint for futility[.]" Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (citation and quotation marks omitted).

## DISCUSSION

### I.   Timeliness of Plaintiff's Opposition

First, the Court addresses Defendant's argument that Plaintiff's opposition was untimely filed, and therefore the Court should not consider it in ruling on the instant Motion. [Reply at 2 n.1.]  Rule LR7.4 of the Local Rules provides, "[a]n opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing." If the last day for filing, however, is a legal holiday, then the opposition must be filed by the preceding business day.  See Fed. R. Civ. P. 6; Local Rule LR6.1.  The hearing on the Motion was originally set for September 23, 2013,[2] and Plaintiff filed his opposition on Monday, September 2, 2013, twenty-one days earlier. Because September 2, 2013 was a legal holiday, however, Plaintiff was required to have filed his opposition on Friday, August 30, 2013.  Thus, Defendant is correct in its assertion that Plaintiff's opposition is untimely.  While the Court does not condone the failure to follow the Local Rules and Federal Rules of Civil Procedure, Plaintiff's failure to timely file his opposition does not appear to have prejudiced Defendant.  The Court will therefore consider Plaintiff's opposition.

---

[2] The Court vacated the hearing September 9, 2013.  [EO, filed 9/9/13 (dkt. no. 25).]

## II.  **Jurisdiction**

The Complaint alleges that this Court has supplemental jurisdiction over the instant action, pursuant to 28 U.S.C. § 1367.  [Complaint at ¶ 2.]  Defendant argues that § 1367 only allows a federal court to exercise supplemental jurisdiction over related claims where it had original jurisdiction over a civil action, and not a criminal action.  [Mem. in Supp. of Motion at 7.]  The Court agrees.

Section 1367(a) provides, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any **civil action** of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

(Emphasis added.)  Here, the Complaint alleges that this Court may exercise supplemental jurisdiction over the instant claims because this district court had original jurisdiction over the underlying criminal case.  [Complaint at ¶¶ 2, 6.]  Based on its language, § 1367 only applies to claims where the action of which the district court had original jurisdiction was a civil action.  Thus, the Court finds that it cannot exercise supplemental jurisdiction over Counts I and II because this district court's alleged original jurisdiction was over the underlying criminal case.

18

Plaintiff also argues that Count I arises under federal law, thus conferring federal question jurisdiction upon this Court. [Mem. in Opp. at 5.]   Plaintiff asserts that the Articles provide that Defendant "operate[s] and conduct[s] activities exclusively in accordance with Section 501(c)" of the Code.   [Id. (citing 26 U.S.C. § 501(c)).].   Plaintiff alleges that indemnity is "specifically authorized in the [Articles]."   [Complaint at ¶ 25 (citing id., Exh. A).]   Thus, Plaintiff asserts that his claim for indemnity arises under federal law so as to create federal question jurisdiction.   [Mem. in Opp. at 5-6.]

> Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."   Peabody Coal [Co. v. Navajo Nation], 373 F.3d [945,] 949 [(9th Cir. 2004)] (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).   Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated. Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).   Further, "[w]hether or not a complaint pleads a federal cause of action, 'federal question jurisdiction will lie over state-law claims that implicate significant federal issues.'"   Dennis v. Hart, Nos. 12-55241, 12-55266, 12-55282, 12-

19

55291, 2013 WL 3927752, at *3 (9th Cir. July 31, 2013) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g * Mfg., 545 U.S. 308, 125 S. Ct. 2363, (2005)).

The Complaint does not mention § 501(c), let alone that it creates a cause of action. Nor does Plaintiff argue that his asserted right to relief depends on the resolution of a substantial question regarding § 501(c) or any other federal law. Plaintiff merely argues that Defendant's alleged violation of the Articles, which states that Unity House "shall be operated exclusively within the meaning of section 501(c)[,]" [Complaint, Exh. A at 4,] creates federal question jurisdiction. Plaintiff fails, however, to support his contention with case law or other authority. Count I does not arise under federal law so as to create federal question jurisdiction. Thus, this Court lacks subject matter jurisdiction over Count I, and HEREBY GRANTS the Motion with respect to Count I. The Court finds that any amendment by Plaintiff would be futile. See Harris, 573 F.3d at 737. Count I is HEREBY DISMISSED WITH PREJUDICE.

With respect to Count II, Plaintiff has only alleged that this Court has supplemental jurisdiction over Count II under § 1367. [Complaint at ¶ 2.] "Supplemental jurisdiction requires that the Court have original jurisdiction." Parks v. Watkins, Civ. No. 11-00594 HG-RLP, 2013 WL 431950, at *3 (D. Hawai`i Jan. 31, 2013). In other words, "[s]upplemental jurisdiction may

only be invoked when the district court has 'a hook of original jurisdiction on which to hang it.'"   Id. (quoting Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805-06 (9th Cir. 2001)).  Before this Court can exercise supplemental jurisdiction over Count II, it must have a hook of original jurisdiction on which to hang it.

Insofar as Count I does not create a federal question and is not a claim over which this Court has original jurisdiction, this Court also cannot exercise supplemental jurisdiction over Count II.  The Court therefore GRANTS the Motion with respect to Count II.  Any amendment by Plaintiff would be futile, and Count II is HEREBY DISMISSED WITH PREJUDICE. See Harris, 573 F.3d at 737.

## IV.   Tolling of Plaintiff's Claims

While Plaintiff submits that, in the event of dismissal, the limitations period for Plaintiff's state law claims is tolled pursuant to § 1367(d), this is an issue for the state court, not this Court, to decide should Plaintiff re-file his claims in state court.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion for Judgment on the Pleadings, filed August 1, 2013, is HEREBY GRANTED.  Counts I and II are HEREBY DISMISSED WITH PREJUDICE.

//

IT IS SO ORDERED.

DATE AT HONOLULU, HAWAII, September 17, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

AARON RUTLEDGE V. UNITY HOUSE, INC.; CIVIL NO. 11-00096 LEK-KSC;
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS